*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | |
|---|---|
| *AUSTIN CARMICHAEL,*  )<br>  )<br>  *Plaintiff*  )<br>  )<br>*v.*  )<br>  )<br>*MICHAEL J. ASTRUE,¹*  )<br>*Commissioner of Social Security,*  )<br>  )<br>  *Defendant*  ) | *Docket No. 06-71-B-W* |

*REPORT AND RECOMMENDED DECISION²*

This Social Security Disability ("SSD") (child's benefits) and Supplemental Security Income ("SSI") appeal raises the questions whether there is substantial evidence to support the administrative law judge's conclusion that the plaintiff had a residual functional capacity for light work and whether the administrative law judge should have found that the plaintiff was eligible for benefits for a closed period. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had chronic obstructive pulmonary

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted new Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 22, 2007 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

1

disease and pectus excavatum,[3] impairments that were severe but which did not meet or equal the criteria of any of the impairments listed in Appendix 1 to Subpart P of 20 C.F.R. Part 404 (the "Listings"), Findings 5-6, Record at 25; that the plaintiff's assertions concerning his impairments and their impact on his ability to work were not entirely credible, Finding 7, *id.*; that he retained the residual functional capacity to perform the exertional demands of light work, as he was able to lift and carry ten pounds frequently and twenty pounds occasionally, sit, stand and walk for six hours each in an eight-hour work day, stoop, squat, kneel, crouch, crawl and climb occasionally, but should avoid temperature extremes, humidity and dust, Finding 8, *id.*; that he was unable to perform his past relevant work as a laborer/heating system installer, automobile detailer, oil and lube worker, blueberry sorter, packer and telemarketer, Finding 9, *id.*; that, given his age (20), education (tenth grade), lack of transferable skills and residual functional capacity for less than the full range of light work, use of section 202.18 of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making resulting in a conclusion that the plaintiff was capable of making a successful vocational adjustment to work that existed in significant numbers in the national economy, Findings 10-14, *id.* at 25-26; and that therefore the plaintiff had not been disabled as that term is defined in the Social Security Act at any time through the date of the decision, Finding 15, *id.* at 26. The Appeals Council declined to review the decision, *id.* at 10-12, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

      The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1381(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be

---

[3] A hollow at the lower part of the chest caused by a backward displacement of the xiphoid cartilage. *Stedman's Medical Dictionary* (*continued on next page*)

supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential review process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(f), 416.920(f); *Bowen v. Yuckert*, 482 U.S. 136, 147 n.5 (1987); *Goodermote*, 647 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff contends that the administrative law judge wrongfully rejected the report of Mitchell Flores, D.O., a consulting physician who examined the plaintiff on one occasion, "substituting therefor an incomplete statement from a physician's assistant who does not qualify as an acceptable medical source and insubstantial non-examining opinions from state agency consultants." Plaintiff's Itemized Statement of Errors ("Itemized Statement") (Docket No. 6) at 1. Dr. Flores limited the plaintiff's lifting and carrying to ten pounds occasionally and less than ten pounds frequently. Record at 232. That is consistent with a sedentary work capacity. 20 C.F.R. §§ 404.1567(a), 416.967(a). Nothing else in Dr. Flores's report is inconsistent with the residual functional capacity assigned by the administrative law judge. *Compare id*. at 25 *with id*. at 232. The administrative law judge noted that Dr. Flores "appear[ed] to have based his findings on the claimant's subjective allegations," *id*. at 21, and I agree, *see id*. at 230-33.

---

(27th ed. 2000) at 1335.

Contrary to the plaintiff's argument, the administrative law judge did not "substitute" the report of a physician's assistant[4] for that of Dr. Flores. Rather, the administrative law judge reviewed the report of the physician's assistant much as he did that of Dr. Flores, accurately noting that the physician's assistant filled out a residual functional capacity form on which he indicated certain limitations and "did not indicate that the claimant had any limitations in his ability to lift, carry, sit, stand, or walk." *Id*. at 21; *see also id*. at 287-90. While the administrative law judge did state that "this opinion is well supported and consistent with the record as a whole," *id*. at 21, there is no suggestion in the administrative law judge's decision that he relied on it to the exclusion of Dr. Flores's report or the reports of the state-agency physicians who reviewed the plaintiff's medical records,[5] including Dr. Flores's report. The record certainly does not support the plaintiff's characterization of the decision as making the physician's assistant's report the "lynchpin" of the administrative law judge's analysis. Itemized Statement at 2. The administrative law judge found the state-agency physicians' reports to be "well supported and consistent with the record as a whole" and gave them considerable weight. Record at 23.[6] This he was entitled to do. *Berrios Lopez v. Secretary of Health & Human Servs.*, 951 F.2d 427, 431 (1st Cir. 1991). In addition, Dr. Flores's

---

[4] This report was presented to the administrative law judge at the first hearing on the plaintiff's claim. Record at 336-37.

[5] An "acceptable medical source" is required to provide evidence of the *existence* of an impairment. A physician's assistant is not an acceptable medical source. Such an assistant, however, may provide evidence of the *severity* of an impairment. 20 C.F.R. §§ 404.1513((a) & (d)(1), 416.913(a) & (d)(1); 404.1527(a)(2), 416.927(a)(2).

[6] The plaintiff contends that the administrative law judge "compounded [his] error by apparently including the opinion of a DDS single decision maker non-medical evaluator . . . as a physician whose opinion was entitled to the weight generally accorded to a non-examining medical source." Itemized Statement at 3. There is no evidence in the record that the administrative law judge did this. At oral argument, counsel for the plaintiff was unable to locate any such instances in the record. The administrative law judge refers to "the opinions of the experts at the state Disability Determination Services," characterizing those individuals as "non-examining physicians." Record at 23. He does not refer specifically to any of the three reports in the record, one of which was prepared by a non-physician. *Id*. at 242-49. Under these circumstances, the administrative law judge must be presumed to have relied only on the reports of the reviewing physicians, as he indicated. Even if he wrongly considered the report of a non-physician, both of the reviewing physicians squarely rejected Dr. Flores's sedentary-level lifting and carrying restriction, *id*. at 256, 264, and the administrative law judge was entitled to rely on these reports so long as they were consistent with other medical evidence in the record. *See, e.g., id*. at 138 & 334 (plaintiff had been taking only Darvocet for pain, and only for one month as of first hearing (11/22/04)); 266 (denies chest pain 6/7/04); 270 (denies chest pain 9/23/04); 372 (plaintiff's testimony that he would do work at the light exertional level).

4

opinion is weakened by its reliance on the plaintiff's reports rather than objective medical signs and testing.[7]  20 C.F.R. §§ 404.1527(a), 416.927(a); 404.1528, 416.928.

The plaintiff also argues that the administrative law judge "failed to adequately explicate the *pectus excavatus* condition — that of the deformity itself, its impact on his body weight and its residual effect on the Plaintiff through his pulmonary conditions and chronic pain." Itemized Statement at 4.  It is true that the administrative law judge's hypothetical question to the vocational expert does not specify which, if any, of the physical limitations listed is due to each of the two severe impairments that the administrative law judge found to exist, but neither the regulations nor the case law require such specificity.  The hypothetical question in fact lists "some non-exertional limitations [due to] his problems he has with his chest."  Record at 390.  This appears to me to be most likely a reference to the *pectus excavatus* condition and possibly, since it refers to problems in the plural, a reference to the chronic obstructive pulmonary disease as well.  In addition, the opinion does discuss the possible effects of the *pectus excavatus* in some detail.  *Id*. at 20, 22.  There was no reversible error in this aspect of the administrative law judge's opinion.

In the alternative, the plaintiff contends that the administrative law judge committed reversible error by failing to consider a closed period of disability, alleging that rather than considering whether the reports of Dr. Flores and the physician's assistant were each "only relevant to the time period for which it was completed," the administrative law judge "simplistically chose the latter while he

---

[7] At oral argument, counsel for the plaintiff identified as medical diagnostic tests and techniques on which Dr. Flores relied "fractured ribs based on x-rays," at page 230 of the record, unusually low weight, shallow respirations, an old surgical scar, a loose bone beneath the skin of his anterior thorax, and clubbing of his fingers.  A review of the report itself reveals that the report of x-rays showing fractured ribs comes only from the statement of the plaintiff, *id*. at 230; there is no characterization of the plaintiff's weight as "unusually low," but only a statement that "[h]is body habitus is slender," *id*. at 232; and the clubbing of the fingers is described as "[m]ild[,]" *id*. at 232.  None of these or the remaining listed observations could validly be characterized as the result of medical testing.  To the extent that they are properly characterized as resulting from the application of recognized medical techniques, Dr. Flores stated that the work-related limitations he assigned were due to "chest and rib pain and shortness of breath secondary to asthma and pectus excavatum[,]" *id*., to which only the shallow respirations among the items listed by counsel appear to be both objectively observable and possibly causally related.  Without more, shallow respirations cannot serve as medical evidence sufficient to support Dr. Flores's conclusions (*continued on next page*)

rejected the former." Itemized Statement at 5-6. I have already rejected this characterization of the administrative law judge's analysis. The plaintiff also offers an analysis of his F[orced] E[xpiratory] V[olume]1$^8$ test results over time which he asserts demonstrate that his "pulmonary condition was quite serious indeed in the first year or so following onset, although it improved thereafter." *Id*. at 7. There is some suggestion in the case law, not cited by the plaintiff, that the administrative law judge is obliged, under certain circumstances, to consider the possibility of an award of benefits for a closed period even where, as here, the claimant has not requested it. *See, e.g., Harris v. Secretary of Health & Human Servs.*, 959 F.2d 723, 724 (8th Cir. 1992); *Van Horn v. Heckler*, 717 F.2d 1196, 1200 (11th Cir. 1983); *Hedges v. Barnhart*, 269 F.Supp.2d 1048, 1053 (W.D.Ark. 2003). However, my research has located no case in which a decision of the commissioner was overturned because the administrative law judge failed to consider the possibility of an award of benefits for a closed period when the claimant's representative at hearing expressly disavowed any such claim, as was the situation here. Record at 369. The claimant has clearly waived any such claim in this case.

### Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of March, 2007.

---

with respect to physical limitations and to require that other medical evidence in the record be disregarded or discounted.
$^8$ *Stedman's Medical Dictionary* at 658. Subscript indicates time interval in seconds.

6

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge